UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------x
                              :
In re:                        :  Chapter 11
                              :
AMTROL HOLDINGS, INC., et al.,:  Case No. 06-11446 (KG)
                              :
                              :  (Jointly Administered)
            Debtors.          :
                              :  Re: Docket No. 120
                              :
------------------------------x

## NOTICE OF APPEAL

New England Gas Company and Narragansett Electric Company, both d/b/a National Grid, by counsel, hereby appeal under 28 U.S.C. § 158(a) from the *Final Order (I) Prohibiting Utility Companies From Discontinuing, Altering or Refusing Service, (II) Establishing Procedures For Providing Deposits To Requesting Utilities, (III) Deeming Utility Companies To Have Adequate Assurance of Payment, and (IV) Establishing Procedures For Resolving Requests For Additional Assurance Pursuant To 11 U.S.C. §§ 105(a) & 366* (Docket No. 120) entered on the Court's docket on January 11, 2007 (the "Order").

The names of all parties to Order, and the names, addresses, and telephone numbers of their respective attorneys, are as follows:

SL1 695027v1/000000.00000

1. New England Gas Company and Narragansett Electric Company, both d/b/a National Grid:

>John D. Demmy (No. 2802)
>Stevens & Lee, P.C.
>1105 North Market Street
>7th Floor
>Wilmington, Delaware 19801
>Phone: (302) 425-3308
>
>And
>
>Russell R. Johnson III
>2258 Wheatlands Drive
>Manakin-Sabot, Virginia 23103
>Phone: (804) 749-8861

2. Amtrol Holdings, Inc., Amtrol, Inc., Water Soft, Inc. and Amtrol International Investments, Inc.:

>Stuart M. Brown (No. 4050)
>William E. Chipman, Jr. (No. 3818)
>Edwards Angell Palmer & Dodge LLP
>919 North Market Street
>15th Floor
>Wilmington, DE 19801
>Phone: (302) 777-7770

Dated: January 19, 2007

STEVENS & LEE, P.C.

/s/ John D. Demmy
John D. Demmy (I.D. No. 2802)
1105 North Market Street
7th Floor
Wilmington, Delaware 19801
Telephone: (302) 425-3308
Facsimile: (610) 371-8515
Email: jdd@stevenslee.com

Counsel for New England Gas Company and Narragansett Electric Company, both d/b/a National Grid

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMTROL HOLDINGS, INC., *et al.*[1] | Case No. 06-11446 (KG) |
| Debtors. | (Jointly Administered) |
| | Related Docket Nos.: 23 & 51 |

**FINAL ORDER (I) PROHIBITING UTILITY COMPANIES
FROM DISCONTINUING, ALTERING OR REFUSING SERVICE,
(II) ESTABLISHING PROCEDURES FOR PROVIDING DEPOSITS TO REQUESTING
UTILITIES, (III) DEEMING UTILITY COMPANIES TO HAVE ADEQUATE
ASSURANCE OF PAYMENT, AND (IV) ESTABLISHING PROCEDURES FOR
RESOLVING REQUESTS FOR ADDITIONAL ASSURANCE PURSUANT TO 11 U.S.C.
§§ 105(A) & 366**

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors-in-possession for entry of an order pursuant to sections 105(a) and 366 of the Bankruptcy Code: (i) prohibiting the Utility Companies from discontinuing, altering or refusing service to the Debtors, (ii) establishing procedures whereby the Debtors will provide Deposits to Requesting Utilities, (iii) deeming the Utility Companies to have received adequate assurance of payment, and (iv) establishing procedures for determining requests for additional assurances of payment; and due and proper notice of the Motion having been given; and it appearing that no other or further notice is required; and upon consideration of the Motion and all pleadings related thereto, including the Guillemette Affidavit; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core

---

[1]   Additional debtors include all of Amtrol Holdings, Inc.'s wholly-owned domestic subsidiaries: Amtrol Inc.; Water Soft Inc.; and Amtrol International Investments Inc.

[2]   All capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, and creditors; and after due deliberation thereon, and good and sufficient cause appearing therefore; it is hereby

ORDERED, that the Motion is granted; and it is further

ORDERED, that absent a post-petition default in payment for post-petition services or any further order of the Court each Utility Company is hereby prohibited from (i) discontinuing, altering, or refusing service to the Debtors on account of any unpaid pre-petition charges or otherwise, or (ii) requiring the payment of a security deposit or receipt of any other security from the Debtors in connection with any unpaid pre-petition charges except as set forth herein and in the Motion; and it is further

ORDERED, that the procedures for determining requests for additional assurance of payment as described in the Motion are approved as follows:

a) Other than as set forth herein, each Utility Company is prohibited from discontinuing, altering, refusing service to, or discriminating against the Debtors until, after a Determination Hearing, this Court issues a final order authorizing such action;

b) Other than pursuant to the procedures set forth herein and in the Motion, the Utility Companies are prohibited from requiring additional adequate assurance of payment from the Debtors whether in connection with any unpaid pre-petition charges or otherwise;

c) Within five (5) days after the entry of this Final Order granting the relief requested herein, the Debtors shall serve this Final Order on the Utility Companies;

d) Utility Companies shall have twenty (20) days from the date of entry of this Final Order approving the procedures described herein to send an Additional Payment Request in the manner set forth in the Motion;

e)  The Debtors shall have ten (10) days to comply with each such Additional Payment Request by providing Requesting Utilities with a Deposit in an amount equal to the average cost to the Debtors of two weeks of service from such Requesting Utility over the twelve (12) months preceding the Petition Date provided that such Requesting Utility does not already hold a deposit equal to or greater than two (2) weeks of utility services, and provided further that such utility is not currently paid in advance for its services.[3]

f)  Utility Companies that do not file an Additional Payment Request by the Additional Payment Request Deadline shall be deemed to have received satisfactory adequate assurance of payment in accordance with section 366(c)(1)(A)(vi);[4]

g)  If a Utility Company does not believe that it has received satisfactory adequate assurance of payment, regardless of whether it has received a Deposit, pursuant to the procedures set forth herein and in the Motion, it may file an Additional Assurance Appeal pursuant to the procedures set forth herein and in the Motion. Specifically, the Additional Assurance Appeal may be filed with this Court at any time after a Utility Company becomes an Advance Payment Utility Company or Consenting Utility Company and must (i) be in writing, (ii) set forth the location for which utility services are provided, (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits or other pre-payments or assurances previously provided by the Debtors, (iv) describe in sufficient detail the reason(s) why the treatment afforded pursuant to the procedures set forth herein does not constitute satisfactory adequate assurance of payment, and (v) include a proposal for what would constitute adequate assurance from the Debtors, along with an explanation of why such proposal is reasonable;

h)  The Debtors shall be entitled to comply with or compromise, Additional Assurance Appeals in their sole discretion and without further notice or order of the Court; provided, however, that the Debtors may not provide additional adequate assurance to a Utility Company either (i) in the amount requested by such Utility Company in its Additional Assurance Appeal or (ii) in an amount agreed to by the Debtors and such Utility Company, without the consent of the DIP Lender, in its sole discretion;

i)  Where a Utility Company filed an Additional Assurance Appeal and the Debtors are unable to reach a compromise, a hearing to determine whether additional assurance is necessary (a **"Determination Hearing"**) will be held on either (i) the

---

[3] In the event that a Utility Company sends the Debtors an Additional Payment Request prior to the entry of this Final Order approving the procedures described herein, the Debtors shall have until the entry of this Final Order to comply with such Additional Payment Request.

[4] For those Utility Companies that are subsequently added to Exhibit C, the Debtors shall serve a copy of the Order on such Utility Companies, along with an amended Exhibit C, and such subsequently added entities shall have twenty (20) days from service of the Order to make an Additional Payment Request.

        Debtor's next omnibus hearing date if the Additional Assurance Appeal is filed on or before the date that is fifteen (15) days prior to such omnibus hearing or (ii) the following omnibus hearing date if the Additional Assurance Appeal is filed thereafter;

j)    Any Deposit or assurance of payment provided by the Debtors to a Requesting Utility will, to the extent not used by the Utility Company to satisfy a post-petition default, be returned to the Debtors within thirty (30) days after the earlier of: (i) the consummation of a sale of substantially all of the Debtors assets pursuant to section 363 of the Bankruptcy Code; or (ii) the effective date of a plan of reorganization or liquidation in these Chapter 11 cases without further order of the Court, or otherwise as ordered by the Court.

ORDERED, that the Debtors are authorized, in their sole discretion, to amend Exhibit C to the Motion to add or delete any Utility Company, and this Order shall apply to any such Utility Company that is subsequently added to Exhibit C to the Motion; and it is further

ORDERED, that pursuant to section 366(c)(1)(A) of the Bankruptcy Code, to secure payment of Additional Payment Requests, the Debtors will maintain a utility escrow account (the **"Utility Escrow"**) for the exclusive benefit of the Utility Companies in the amount of $150,000.00, said amount representing approximately two weeks of average utility payables; and it is further

ORDERED, that, except as otherwise agreed to by Debtors pursuant to the procedures set forth in this Order, payment to a Utility Company from the Utility Escrow pursuant to section 366(c)(1)(A) shall not exceed the charges for two weeks of average utility payables from such requesting Utility Company, said payment reducing the Utility Escrow proportionally; and it is further

ORDERED, that notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under any approved debtor-in-possession financing facility, or budget in connection therewith, or any order regarding the use of cash collateral; and it is further

ORDERED, that the Debtors are hereby authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED, that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: January 11, 2007
       Wilmington, Delaware

_____
The Honorable Kevin Gross
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

APPEAL TRANSMITTAL SHEET

Case Number: __06-11446__    ◉ BK    ○ AP
If AP, related BK Case Number: _____

Title of Order Appealed:
Final Order (I) Prohibiting Utility Companies From Discontiuning, Altering Service
Docket Number: __120__    Date Entered: __1/11/2007__

Item Transmitted:   ◉ Notice of Appeal          ○ Motion for Leave to Appeal
                    ○ Amended Notice of Appeal  ○ Cross Appeal
                    Docket Number: __131__    Date Filed: __1/19/2007__

*Appellant/Cross Appellant:              *Appellee/Cross Appellee
National Grid                            Amtrol Holdings, Inc. et. al.,
Counsel for Appellant:                   Counsel for Appellee:
John D. Demmy                            Stuart M. Brown, Esq.
Russell R. Johnson, III                  William E. Chipman, Jr.
                                         Mark D. Olivere, Esq.

*If additional room is needed, please attach a separate sheet.

Filing Fee paid?   ◉ Yes   ○ No

IFP Motion Filed by Appellant?   ○ Yes   ◉ No

Have Additional Appeals to the Same Order been Filed?   ○ Yes   ◉ No
    If so, has District Court assigned a Civil Action Number?   ○ Yes   ○ No   Civil Action # _____

Additional Notes:
_____

__1/9/2007__                             By: __Anissa L. Cothran__
Date                                         Deputy Clerk

                                         FOR USE BY U.S. BANKRUPTCY COURT
Bankruptcy Court Appeal (BAP) Number: __07-02__
7/6/06